UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

J.L., a minor, by and through his
mother and next friend MIRANDA
R. DELANEY-GENNETT, and
MIRANDA R. DELANEY-GENNETT,    CASE NO. _____
individually,

                Plaintiffs,

vs.

OAK IV CONDOMINIUM ASSOCIATION,
INC. and DOUGLAS B. FOSTER,

                Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

      COME NOW Plaintiffs, J.L., a minor, by and through his mother and next friend MIRANDA R. DELANEY-GENNETT, and MIRANDA R. DELANEY-GENNETT, individually (collectively "Plaintiffs'), by and through their undersigned counsel and sue Defendants, OAK VI CONDOMINIUM ASSOCIATION, INC. and DOUGLAS B. FOSTER (collectively "Defendants"), and state as follows:

**I. NATURE OF THE ACTION**

1.      This is a civil action brought pursuant to the federal Fair Housing Act [hereafter "FHA"], 42 U.S.C. §§ 3601, *et seq.*, and 42 U.S.C. § 1982, *et seq.*, for damages and injuries arising from the Defendants' unlawful discrimination against Plaintiff J.L., a minor and a person with disabilities, and J.L.'s mother, Plaintiff MIRANDA R. DELANEY-GENNETT, a person associated with a person with disabilities. The Defendants violated the FHA by: (1) publishing a statement indicating that disabled individuals are not welcome within the community, (2) by

refusing to make a reasonable accommodation to Association rules and polices when such an accommodation was necessary to afford the Plaintiffs an equal opportunity to use and enjoy their dwelling, (3) by punctuating the message that disabled individuals are not welcome with aggressive and threatening non-verbal conduct, and (4) by making a dwelling unavailable to and otherwise discriminating against Plaintiffs by making a dwelling unavailable because of Plaintiff J.L.'s disability.

2. Plaintiffs seek immediate declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 3601, *et seq*., and § 3613.

4. The Court has jurisdiction to declare the rights and legal relations of the parties and to order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court is authorized to issue a preliminary injunctive relief and a temporary restraining order pursuant to Federal Rules of Civil Procedure 65(a) and 65(b), and to award relief under 42 U.S.C. § 300a-7(c) and (d), including but not limited to, damages and attorneys' fees.

5. Venue is proper under 28 U.S.C. § 1391(b) because the Defendants reside in this District, and the events giving rise to the Plaintiffs' claims arose in this District.

## III. PARTIES

6. "Oak IV Community" refers to a residential community located in Port Charlotte, Charlotte County, Florida.

7. PLAINTIFF J.L. ("J.L." and/or "minor Plaintiff J.L.") is a resident of Port Charlotte, Charlotte County, Florida, a minor, an individual with disabilities that qualify him for the protections of the FHA, and at all times relevant resided in the Oaks IV Community.

8. PLAINTIFF MIRANDA R. DELANEY-GENNETT ("Miranda Delaney-Gennett") is a resident of Port Charlotte, Charlotte County, Florida, the mother of minor Plaintiff J.L., and at all times relevant resided with minor Plaintiff J.L. in the Oaks IV Community. She brings this action on her own behalf and as parent, natural guardian, and next friend for her son, J.L.

9. Oaks IV Community is governed by DEFENDANT OAKS IV CONDOMINIUM ASSOCIATION, INC. ("Oaks IV" and/or "the Association" and/or "Defendant Association"].

10. The Association is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes.

11. The Oaks IV Community and the Association's principal place of business and mailing address is 19505 Quesada Avenue, Port Charlotte, Florida 33948.

12. The Association is responsible for administering and governing the Oaks IV Community pursuant to the Association's Declaration, Articles of Incorporation, By-Laws, and its Rules and Regulations, and amendments thereto. It also sets, approves, and enforces the policies, rules, regulations, and practices for the Oaks IV Community.

13. The housing units governed by the Association are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

14. The Association is subject to the anti-discrimination provisions of the FHA.

15. DEFENDANT DOUGLAS B. FOSTER ("Foster") is a resident of Port Charlotte, Charlotte County, Florida, and at all times relevant resided at 19505 Quesada Avenue, Unit LL 202, Port Charlotte, Florida 33948, located in the Oaks IV Community. Foster is and at all times relevant was a Member of the Association, an Officer and Member of the Association's Board of Directors, and the Association's President, and sets, approves, and/or otherwise enforces the policies, rules, regulations, and practices for the Oaks IV Community. Defendant Foster was

personally involved in the discriminatory acts described *infra*. As such, each reference to the Association includes Defendant Foster.

## IV. FACTUAL ALLEGATIONS

16. Plaintiffs reside and resided at all times relevant at 19505 Quesada Avenue, Unit VV 102, Port Charlotte, Florida 33948 (the "Delaney-Gennett residence") which is located within the Oaks IV Community.

17. Oaks IV does not allow pets weighing more than 15 lbs.

18. Six-year old J.L. suffers from, and has a history of from suffering from, mental impairments including Post Traumatic Stress Disorder ("PTSD") and Attention Deficit Hyperactive Disorder ("ADHD") that substantially limit one or more of his major life activities. The major life activities that are substantially limited include sleeping, concentrating, self-control, and learning. J.L. is a person with a "handicap" pursuant to 42 U.S.C. § 3602(h). (8/12/21 Pediatrician Letter is marked, attached, and incorporated herein as "Exhibit 1.")

19. Miranda Delaney-Gennett is a person associated with a person with a disability by virtue of her being J.L.'s mother.

20. In or around August 2021, J.L. was prescribed an emotional support animal ("ESA") and acquired "Coda," a Labrador/Pyrenees mix puppy which weighs approximately 20 lbs.

21. In early August 2021, after obtaining Coda as recommended by J.L.'s physician, Miranda Delaney-Gennett notified the Association that the Plaintiffs had acquired an ESA and requested exemption from the Association's dog weight restriction policy as an accommodation of J.L.'s disability.

22. Miranda Delaney-Gennett was told by an Association representative that a letter from J.L.'s doctor was needed, that she must sign a Medical Records Release, and that that she must

5 | P a g e

complete and submit the Association's "application for keeping an ESA," a form created by the Association and available on its website, and agree to all terms and conditions of the Association's policy (also on its website), before the request for J.L.'s disability-related need for accommodation would be even considered. (Form "*Application for Keeping of Emotional Support/Companion Animal or Service Animal as an Accommodation for Resident's Disability*" ("Application") and Form "*Medical Release and Request for Information Related to Patient's Request for Reasonable Accommodation*" ("Medical Release") are marked, attached, and incorporated herein as "Exhibit 2" and "Exhibit 3," respectively).

23. In accordance with the Association's instructions, Miranda Delaney-Gennett obtained a letter from Dr. Beverly J. Anarumo, D.O., P.A., J.L.'s long-term treating physician, which verified, *inter alia*, J.L.'s disability, its impact of substantial limitation on his major life activities, and his disability-related need for an ESA.

24. On August 17, 2021, Miranda Delaney-Gennett's husband and J.L.'s stepfather, Dillon C. Delaney-Gennett ("Dillon Delaney-Gennett"), personally hand-delivered the physician letter to the receptionist at the Association's office located in the Oaks IV Community. The receptionist accepted the documents, took them to another room, returned, and told Dillon that the Association President "wants to talk to you."

25. Dillon Delaney-Gennett followed the receptionist to where Defendant Foster was. Foster loudly chastised Dillon for making the ESA request, belittled and mocked J.L.'s disability and request for reasonable accommodation of his ESA, and ripped up the physician letter in front of Dillon Delaney-Gennett and the Association receptionist. Foster also verbally threatened to forcibly remove and/or have J.L.'s ESA removed.

26. The Plaintiffs retained counsel.

6 | P a g e

27.     On September 24, 2021, on Plaintiffs' behalf, Attorney Marcy LaHart sent a letter to the Association's Board of Directors, educating the Association as to the protections afforded the Plaintiffs by the FHA, the FHA's applicability to the Plaintiffs' ESA policy accommodation request, and the illegality of both the Association's Application and demand for a Medical Release. Attorney LaHart made a second request that the Association accommodate the Plaintiffs' request for exemption from the dog weight restriction policy. (9/24/2021 Attorney LaHart Letter is marked, attached, and incorporated herein as "Exhibit 4.")

28.     With her request letter, Attorney LaHart tendered a second letter from Dr. Anarumo, J.L.'s doctor, further verifying J.L.'s handicap status, his history of being an established patient, the substantial limitations on J.L.'s major life activities imposed by J.L.'s disability, J.L.'s need for an ESA, and J.L.'s need to specifically live with his ESA." (See Second Physician Letter, Exhibit 1.)[1]

29.     In her letter, Dr Anarumo, a pediatric physician who is a licensed and Board Certified Doctor of Osteopathic Pediatric Medicine, stated and opined:

> *[J.L.] is an established patient in my Pediatrics practice. I am Board Certified in Pediatrics. I have been located in Part Charlotte FL for over 20 years, I have been asked to provide additional information regarding James's disability related to the need to live with his dog as an emotional support animal. This young man, James, suffers from mental impairments hat substantially limits his major life activities including sleeping, concentrating, and learning. Additionally, I am a Fellow, in good standing, with the American College of Osteopathic Pediatricians.*
>
> *James has an emotional support [dog] that provides him affection, companionship, and unconditional lover, and furthermore, has an overwhelming calming influence. The Therapeutic benefits of living with companion animals are very well documented in medical journals. It is my professional medical opinion that James needs to have his do* **in residence** *for emotional support to help ameliorate the symptoms of disability.*
>
> *If there are any questions or concerns, then please contact my office. Lastly – Thank you, in advance, for accommodating my patient's needs.*

---

[1] The Second Physician Letter contains a scrivener's error in the date: it states "August 12, 2021" but should have been "September 12, 2021."

6 | P a g e

Exhibit 1 (emphasis in original).

30. Dr. Anarumo provided the Association with her contact information and invited the representatives to contact her with any questions. *Id*.

31. On September 29, 2021, Yaritza M. Cruz "for the Board [of Oak IV Community]" responded to Attorney LaHart's letter, claiming that J.L. "has not been approved or denied his ESA" as the Association was "still waiting for him to turn in…insurance along with the [Form] Application" and the Medical Release or other writing that contains all information requested on that Form." (9/29/2021 Cruz Letter is marked, attached, and incorporated herein as "Exhibit 5.")

32. Plaintiffs Application and letter from J.L.'s treating pediatrician had already been provided on more than one occasion.

33. As of the date of the filing of this pleading, neither the Association, nor any member of its Board of Directors, including the named Defendant, have contacted Dr. Anarumo or Attorney LaHart to request additional information regarding J.L.'s disability or related need for an accommodation.

34. The Defendants failed to timely substantively respond to Plaintiffs' disability-related need for a reasonable accommodation which constitutes an illegal, constructive denial of that request and is a failure to accommodate and/or failure to grant a reasonable accommodation.

35. The Association Rules and Regulations and ESA policy contain multiple provisions that are illegal under the FHA.

36. The Defendants have failed to grant J.L. a reasonable accommodation, in spite of having been provided sufficient documentation of J.L.'s disability, the symptoms of which would be ameliorated by living with his assistance animal as recommended by his physician.

8 | P a g e

37. The Defendants' failure to modify the Association's policies to accommodate for J.L.'s disabilities is discriminatory and unlawful.

38. The Association has in place a burdensome, intrusive policy regarding accommodation requests for waiver of the pet restriction policy by residents and potential residents that have disability-related needs to reside with emotional support animals. That policy also imposes illegal, discriminatory conditions upon persons who have been granted an accommodation for an emotional support animal.

39. The Association's policy violates the FHA in at least the following ways:

   a. requiring a resident or potential resident requesting an accommodation to fill out a specific application form;

   b. representing that that a resident or potential resident requesting an accommodation in the form of a support animal must have his or her health care provider disclose and otherwise release confidential and otherwise protected health care information;

   c. implying to a resident or potential resident that his or her health care provider must be prepared "to testify in court" for such health care provider's opinion to be valid or otherwise support the request for accommodation;

   d. requiring a resident or potential requesting an accommodation to "annually present to the Board of Directors competent written evidence of the continuing disability accommodation necessary for said written evidence of continuing necessity";

   e. leaving it to the sole discretion of the Board of Directors "to determine if a Certified Animal is a nuisance or health hazard";

    f.   requiring a resident or potential resident requesting an accommodation in the form of a support animal to indemnify and hold harmless the Association for "any and all harm or damages caused by the Certified Animal";

    g.   purporting to reserve unto the Association the authority to determine whether an owner who has been provided an accommodation in the form of a support animal "has separated him/herself from the Certified Animal" such that the Association has the right to "question the disability accommodation"; and

    h.   requiring a resident or potential resident requesting an accommodation in the form of a support animal to "take the Certified Animal with him/her or relocate the Certified Animal away from the Oaks IV premises" if the "owner of the Certified Animal vacates the unit,"" including when an animal owner is away from his/her unit temporarily. [MARCY: COMPARE THE POLICY TO THE APPLICATION P1; THE ASSOCIATION DOES MEAN EVEN WHEN TEMPORARILY "VACATING."]

("Oaks IV Condominium Association, Inc. Service Animal and Companion Animal Policy" ["the Policy"] is marked, attached, and incorporated herein as "Exhibit 6.")

40.    The Association's Application Form violates the FHA in at least the following ways:

    a.   requiring a resident or potential resident requesting an accommodation in the form of a support animal to submit a "completed Oaks IV Medical Release and Request for Information Related to Patient's Request for Reasonable Accommodation form or other writing that contains all information requested on that form";

    b.   requiring a resident or potential resident requesting an accommodation in the form of a support animal to provide "periodic (annual) written updates" from a "physician/qualified medical professional" of a continuing need for the support animal;

    c. requiring a resident or potential resident requesting an accommodation in the form of a support animal to "agree to abide by" the Association's existing Rules and Regulations" and to agree to other, unknown animal policies promulgated by the Association's Board of Directors which do not yet even exist; and

    d. requiring a resident or potential resident requesting an accommodation in the form of a support animal to disclose "what tasks, work or services" the animal has "been trained to perform" when an ESA animal is not required to have any training whatsoever.

(Application, Exhibit 2.)

41. The Association's Medical Release and Request for Information Related to Patient's Request for Reasonable Accommodation form violates the FHA by asking the medical/mental health care provider whether he/she is willing to testify in court regarding the opinion that an assistance animal is necessary. (Medical Release, Exhibit 3.)

42. The discriminatory policies listed above are given to potential residents and were given to Plaintiffs in conjunction with their request for reasonable accommodation of J.L.'s disability-related need to live with this ESA. The policies constitute indicate a clear preference and message that persons with disabilities that rely upon assistance animals do not move to the Oaks (See Application, Medical Release, and Policy; Exhibits 2, 3, and 6, respectively.)

43. The Defendants' foregoing acts constitute discrimination against a person in violation of 42 U.S.C § 3604(f)(1)(A) by making a dwelling unavailable because of a handicap.

44. Pursuant to the United States Department of Housing and Urban Development, documentation from a physician, psychiatrist, social worker, or other mental health professional of a disability-related need for assistance animal(s) is sufficient if it establishes that the resident or

potential resident has a disability and that the animal(s) in question provide(s) some type of disability-related support.

45.     As of the date of the filing of this pleading, the Defendants have not granted J.L. an accommodation for his ESA.

46.     Defendants have been provided adequate and credible documentation of J.L.'s disabilities and an explanation of the nexus between the requested accommodation and his disabilities.

47.     Defendants have been provided sufficient documentation establishing J.L.'s disability and that the animal in question will provide disability-related assistance or emotional support.

48.     Defendants have continued to demand extraneous information regarding J.L.'s disability and need for his ESAs.

49.     Defendants' failure to modify the Association's policies to accommodate J.L.'s disability is discriminatory and unlawful.

50.     The multiple statements of the Defendant Association indicating any accommodation granted will be withdrawn at any time for trivial offences; that a disabled resident must annually prove up his or her disability; and that the Association purportedly reserves the power to determine when an animal is a "nuisance" unequivocally indicate a preference that persons with assistance animals live elsewhere.

51.     At all times material hereto, Defendants were aware that J.L. is a disabled individual who relies upon his ESA to alleviate the symptoms of his disabilities.

52.     Each and all of the above acts, both of omission and commission, were acts of discrimination done with deliberate indifference to J.L.'s disabilities and each and all were a proximate cause of the damages suffered by Plaintiffs.

53. As of the date of the filing of this pleading, Plaintiffs live in fear that the Defendants will forcibly remove or have removed J.L.'s dog.

54. Waiving the Association's animal policy restrictions so that the Plaintiffs may live in their home within the Oaks IV Community with J.L.'s ESA would not:

   a. result in substantial physical damage to the property of others or that of the Oaks IV Community;

   b. pose an undue financial and administrative burden to the Oaks IV Community, the Association, or Defendant Foster; or

   c. fundamentally alter the nature of the Oaks IV Community's or the Association's operations.

55. The Defendants engaged in discriminatory conduct regarding J.L.'s request for accommodation knowingly and/or recklessly disregarding the fact that the conduct violates their legal obligations to accommodate persons with disabilities.

56. The Defendants' actions were intentional, deliberate, willful, and in total and reckless disregard of the Plaintiffs' rights, and show total indifference to J.L.'s disabilities.

57. The Plaintiffs have been injured by the Defendants' discriminatory housing practices and therefore qualify as "aggrieved persons" pursuant to 42 U.S.C. § 3602(i).

58. Plaintiffs have retained undersigned counsel to represent them in this matter and have agreed to pay them reasonable fees for their services and incurrence of their reasonable costs.

59. As a direct and proximate result of the Defendants' conduct the Plaintiffs have incurred attorney's fees and costs, and suffered and continue to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

60. All conditions precedent to the Plaintiffs' bringing this action have occurred, or the performance of such conditions have been waived by the Defendants.

## V. CAUSES OF ACTION

### COUNT I

### FEDERAL FAIR HOUSING ACT
### FAILURE TO REASONABLY ACCOMMODATE
### IN VIOLATION OF 42 U.S.C. § 3604(f)(3)(B)

61. The Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 60, as if fully set forth herein.

62. J.L. has a disability-related need to have his emotional support dog.

63. In order for Plaintiffs to have equal use and enjoyment of their home, it is necessary that the J.L. have the ability to live with his emotional support dog.

64. At all times relevant, the Association had actual knowledge of J.L.'s disabilities, as well as knowledge of his need to have his ESA.

65. The Plaintiffs provided, on multiple occasions, reliable, third-party verification of J.L.'s disability-related need for an accommodation so that he may reside at his home his emotional support dog and thus assists him in coping with his disabilities..

66. The Association's actions were in total and reckless disregard of the Plaintiffs' rights, and were indifferent to J.L.'s disability-related needs.

67. Defendants, through the conduct and acts described above, violated 42 U.S.C. § 3604(f) by refusing to make reasonable accommodations to the Association's rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiffs an equal opportunity to use and enjoy their dwelling.

68. As a direct and proximate result of Defendants' failure to accommodate, the Plaintiffs incurred, and continue to incur, attorney's fees and costs and suffered, and continue to suffer,

irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, invasion of privacy, loss of their rights to equal housing opportunities regardless of disability, and loss of access to their dwelling.

**WHEREFORE,** Plaintiffs, J.L., a minor, by and through his mother and next friend MIRANDA R. DELANEY-GENNETT, and MIRANDA R. DELANEY-GENNETT, individually, demand judgment against the Defendants, OAK IV CONDOMINIUM ASSOCIATION, INC. and DOUGLAS B. FOSTER, declaring that the Defendants' actions violated the FHA by discriminating against a person with disabilities and associated persons, and awarding the Plaintiffs compensatory and punitive damages, attorneys' fees, costs, and all amounts necessary to reimburse the Plaintiffs, as well as any other such relief as this Court deems just and equitable.

## COUNT 3

### PUBLISHING DISCRIMINATORY STATEMENT IN VIOLATION OF 42 U.S.C. § 3604(c)

69.     The Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 60, as if fully set forth herein.

70.     Pursuant to 42 U.S.C. § 3604(c), it is unlawful for a housing provider "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination."

71.      Oak IV's animal accommodation policy (as exemplified it its form application and medical release and request for information) indicates an intention to discriminate against residents with

disabilities that rely upon assistance animals and evinces a preference that residents with disabilities do not reside at Oak IV.

72. Plaintiffs were provided a copy of Oak IV's policy, as well as its form application and medical release and request for information, in connection with their request for accommodation.

73. Plaintiffs have been injured by Oak IV's discriminatory statements and policies.

74. Plaintiffs were made to feel they are not welcome at Oak IV because of Plaintiff J.L.'s need for his emotional support animal.

75. Oak IV's policy on reasonable accommodations for emotional support animals communicates to a resident or potential resident that if s/he has an emotional support animal it will be difficult to get approved, that s/he must annually provide detailed and protected health information regarding his or her disability and need for an accommodation, and that his or her right to have an emotional support animal can be withdrawn at any time and without notice for trivial reasons.

76. Oak IV's policy on reasonable accommodations communicates or otherwise insinuates to residents and potential residents that assistance animals and the disabled persons that need them are simply not welcome at Oak IV.

77. The implementation of this policy, and its publication to residents and potential residents including Plaintiffs, constitutes knowing, willful, and wanton discrimination and evinces reckless or callous indifference to the federally-protected rights of others.

78. As a direct and proximate result of Oak IV's discriminatory notice and policy, Plaintiffs suffered irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their rights to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiffs, J.L., a minor, by and through his mother and next friend MIRANDA R. DELANEY-GENNETT, and MIRANDA R. DELANEY-GENNETT, individually, demand judgment against the Defendants, OAK IV CONDOMINIUM ASSOCIATION, INC. and DOUGLAS B. FOSTER, declaring that the Defendants' actions violated the FHA by discriminating against a person with disabilities and associated persons, and awarding the Plaintiffs compensatory and punitive damages, attorneys' fees, costs, and all amounts necessary to reimburse the Plaintiffs, as well as any other such relief as this Court deems just and equitable.

## COUNT 4

### ILLEGAL INTIMIDATION
### IN VIOLATION OF 42 U.S.C. § 3617

79. The Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 60, as if fully set forth herein.

80. The Defendants, in spite of being apprised of J.L.'s disability-related need for his emotional support dog and being presented with cogent verification from a pediatric physician, ripped up Plaintiffs' verification letter and threatened the Plaintiffs with trespass, and forcible removal of J.L.'s emotional support dog if they did not capitulate to Defendants' demands.

81. By requesting that health care providers sign a document affirmatively stating that the health care provider is "willing to testify in court," Defendants implicitly threaten litigation and otherwise attempt to intimidate and dissuade those seeking accommodation from even making a request for accommodation.

82. By requesting health care providers to sign a document affirmatively stating that the health care provider is "willing to testify in court," Defendants implicitly threaten litigation and otherwise

attempt to intimidate and dissuade health care providers from supporting his/her patients with his/her request for accommodation.

83. By asking what "tasks, work or services" an "emotional support animal has been trained to perform," the Defendants insinuate and imply that an ESA must be trained, thus intimidating residents and potential residents seeking an accommodation for an ESA whose ESAs are not trained.

84. The Defendants violated 42 U.S.C. § 3617 of the FHA by coercing, intimidating, threatening, and interfering with the Plaintiffs in the exercise and enjoyment of their Fair Housing rights.

85. The discriminatory conduct of the Defendants was intentional, willful, and taken in disregard for the Plaintiffs' rights.

86. As a direct and proximate result of the Defendants' conduct, the Plaintiffs do not want to leave their home, carry great trepidation that the Defendants will trespass onto their property and remove J.L.'s emotional support dog, experience paranoia in and around the Oaks IV Community that other residents are questioning, judging, ridiculing and otherwise criticizing them, and otherwise do not feel welcome, comfortable, or safe from the hostility created, culled, and otherwise fostered by the Defendants.

87. As a direct and proximate result of the Defendants' conduct, the Plaintiffs have incurred and continue to incur legal fees and costs, and suffered, and continue to suffer, irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiffs, J.L., a minor, by and through his mother and next friend MIRANDA R. DELANEY-GENNETT, and MIRANDA R. DELANEY-GENNETT,

individually, demand judgment against the Defendants, OAK IV CONDOMINIUM ASSOCIATION, INC. and DOUGLAS B. FOSTER, declaring that the Defendants' actions violated the FHA by discriminating against a person with disabilities and associated persons, and awarding the Plaintiffs compensatory and punitive damages, attorneys' fees, costs, and all amounts necessary to reimburse the Plaintiffs, as well as any other such relief as this Court deems just and equitable.

## VI. THIS COURT'S POWER TO GRANT RELIEF

88. The Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 60, as if fully set forth herein.

89. The Plaintiffs have suffered and incurred irreparable damage, and continue to suffer and incur irreparable damage.

90. The FHA and Rule 65 of the Federal Rules of Civil Procedure, collectively and singularly, empower this Court to grant a temporary restraining order, preliminary injunctive and permanent injunctive relief, and/or such other relief as the Court may deem appropriate to hold and redress the violations of any provision of law enforced by the FHA. The Court, in the exercise of its equitable jurisdiction may award financial relief, accommodation directives, policy modification, and restoration of access privileges to prevent and remedy any violation of any provision of law enforced by the FHA.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, J.L., a minor, by and through his mother and next friend MIRANDA R. DELANEY-GENNETT, and MIRANDA R. DELANEY-GENNETT, individually, respectfully request that this Court:

a) Enter judgment declaring that the discriminatory housing practices of the Defendants, OAK IV CONDOMINIUM ASSOCIATION, INC. and DOUGLAS B. FOSTER, violate the FHA;

b) Enter a temporary restraining order and preliminary injunction immediately and permanently enjoining and prohibiting Defendants, including but not limited to, Association Members, future Members, Board of Directors, Officers, property managers, employees, agents, interns, volunteers, attorneys, and representatives, from removing, tampering with, altering, affecting, inhibiting, precluding, depriving, limiting, or otherwise interfering with the unfettered, continuous presence of J.L.'s emotional support dog in Plaintiffs' home and in and around the Oak IV Community;

c) Enter a permanent injunction enjoining and prohibiting Defendant OAK IV CONDOMINIUM ASSOCIATION, INC. from discriminating against any person based upon handicap by refusing to make a reasonable accommodation when such accommodation may be necessary to afford a person with a handicap an equal right to enjoy a dwelling;

d) Requiring Defendant OAK IV CONDOMINIUM ASSOCIATION, INC. to notify and distribute, in writing to each and every resident of the OAK IV CONDOMINIUM ASSOCIATION, INC. community, a legal statement enumerating its residents' FHA rights with respect to, among other things, disability-related accommodations;

e) Awarding to the Plaintiffs such damages as would fully compensate them for their injuries caused OAK IV CONDOMINIUM ASSOCIATION, INC.'s and Defendant DOUGLAS B. FOSTER's discriminatory and tortious conduct;

f) Awarding to the Plaintiffs punitive damages;

g) Awarding to the Plaintiffs their attorneys' fees and costs incurred prior to the filing of this lawsuit associated with the protection of their fair housing rights;

h) Awarding to the Plaintiffs their attorney's fees and costs incurred in bringing this action and all other proceedings and matters related to, associated and affiliated with enforcement of the FHA and otherwise associated with the Plaintiffs' protection thereunder;

i) Awarding to the Plaintiffs their attorneys' fees and costs incurred in bringing this action to protect their right to privacy; and

j) Granting such other relief as justice may require.

## VIII. DEMAND FOR JURY TRIAL

The Plaintiffs demand a jury trial for all issues so triable.

Respectfully submitted,

MARCY I. LAHART PA
207 SE Tuscawilla Road
Micanopy, FL 32667
Telephone: (352) 224-5699
Facsimile: (888) 400-1464
Email: marcy@floridaanimallawyer.com

BY: *s/ Marcy I. LaHart*
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
*Counsel for Plaintiffs*

VENZA LAW, PLLC
931 Village Boulevard, #905-322
West Palm Beach, FL 33409
Office: (561) 596-6329
Email: dvenza@venzalawpllc.com

BY: *s/Denese Venza*
Denese Venza, Esq.
Florida Bar No. 599220
*Counsel for Plaintiffs*